**08 C 1253**

**JUDGE CASTILLO**
**MAGISTRATE JUDGE NOLAN**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 440-2007-01474 |

**Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

| NAME | HOME TELEPHONE |
|---|---|
| Ms. Dina DiNatale | (630) 549-0224 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1816 Walnut Street | St. Charles, IL 60174 | 11/06/1970 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME

| NAME | NUMBER OF EMPLOYEES/MEMBERS | TELEPHONE |
|---|---|---|
| Stock Building Supply | 150 | (630) 584-7500 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 300 North Randall Road | St. Charles, IL 60174 | Kane |

CAUSE OF DISCRIMINATION BASED ON:
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] OTHER

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 10/2005   LATEST: 05/21/06
[ ] CONTINUING ACTION

THE PARTICULARS ARE:

(SEE ATTACH)

*[Stamp: RECEIVED EEOC NOV 24 2006 CHICAGO DISTRICT OFFICE]*

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT: *Dina D. DiNatale*   DATE: 11/17/06

Notary Public Seal

EEOC FORM 5 (5/98)

## ADDENDUM TO CHARGE OF DISCRIMINATION
*Dina DiNatale v. Stock Building Supply*
Page 1 of 3

I. **Complainant was continuously harassed, discriminated against, and unlawfully terminated on the basis of her disability and handicap in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq.*, and in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et. Seq and/or other* state or local anti-discrimination laws. The discrimination on the basis of her disability and handicap occurred on an ongoing and continuous basis through the date of her unlawful termination on May 21, 2006.**

A. Complainant was an employee of Respondent from 1994 through the date of her unlawful termination on May 21, 2006.

B. On the date of the unlawful termination, Complainant was employed by Respondent as a Cashier.

C. Complainant is a qualified individual with disabilities.

D. Complainant was a highly qualified, competent, and dedicated employee that was repeatedly subjected to harassment and discrimination because of her disabilities.

E. Complainant has a record of certain medical conditions and disabilities, including, but not limited to: (1) Diabetes; (2) Carpal Tunnel; and (3) Depression. The aforementioned medical conditions are well-recognized disabilities within the meaning of the ADA and handicaps within the meaning of the IHRA.

F. Respondent was fully advised and aware of the nature and scope of Complainant's disabilities and the medical treatments that she was receiving for her disabilities on an ongoing basis.



G. At all relevant times, Complainant advised Respondent of the various disabilities and sought reasonable accommodation for her disabilities. However, Respondent never granted Complainant reasonable accommodation, nor did Respondent engage in an "interactive process" to determine if reasonable accommodation could be made.

H. Respondent intended to discriminate against Complainant on the basis of her disabilities and permitted, ratified, encouraged, allowed, and otherwise created a work environment heavily charged with discrimination.

I. Respondent discriminated against Complainant on the basis of her disabilities, in part, in the following ways:

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Dina DiNatale v. Stock Building Supply*
Page 2 of 3

1. Harassed, humiliated, and degraded Complainant about her general medical condition, disabilities, need for accommodation and need for medical treatment/medical leave;

2. Failed to make "reasonable accommodations" to the known physical limitations, disabilities/handicaps of Complainant;

3. Refused to engage in an "interactive process" to determine if reasonable accommodation could be made for Complainant's disabilities/handicaps;

4. Refused to accommodate the Complainant's need for more frequent bathroom breaks;

5. Refused to provide the Complainant with a headset for answering the phones;

6. Terminated Complainant because of her disability;

7. Respondent replaced Complainant's position with a non-disabled/non-handicapped employee; and

8. Otherwise treated Complainant differently than non-disabled, non-handicapped employees in the terms, conditions, and responsibilities of her employment.

J. The discrimination and verbal harassment about her disabilities was ongoing and repeated throughout her employment. The discrimination and verbal harassment about her disabilities and general medical condition was humiliating, degrading, and had the effect of interfering with her ability to perform her job.

K. Respondent was fully aware of Complainant's disabilities and the accommodations that she was requesting. Respondent not only refused accommodation, discriminated against her because of her disability, but also refused to engage in any discussion or "interactive process" to determine whether accommodation was possible.

L. Complainant had a nearly untarnished employment record with Respondent and consistently received high scores in her annual reviews during her tenure, other than the Respondent's complaints in her employment reviews that the Complainant's disability was used as an "excuse" for bathroom breaks and comments about her attendance also related to the Complainant's medical conditions.

# EXHIBIT B

EEOC Form 161-B (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Dina Dinatale<br>1816 Walnut St.<br>St Charles, IL 60174 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0014 4054 1283

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-01474 | **Donald Marvin,**<br>**Investigator** | (312) 353-8198 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_   12-3-07
John P. Rowe,   (Date Mailed)
District Director

Enclosures(s)

cc: **STOCK BUILDING SUPPLY**