IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DINA DINATALE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No: 08-CV-1253 |
| ) | |
| STOCK BUILDING SUPPLY, LLC ) | Judge Ruben Castillo |
| ) | Magistrate Judge Nan R. Nolan |
| Defendant. ) | |

**JOINT INITIAL STATUS REPORT**

**A.     Nature of the Case**

**1.     Basis for jurisdiction**

Plaintiff alleges that subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1658 and 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as the "Americans With Disabilities Act," 42 U.S.C. § 12101 *et seq*. Supplemental jurisdiction over Plaintiff's Illinois state law claims is conferred by 28 U.S.C, §1367 (a).

Defendant agrees that subject matter jurisdiction is invoked only pursuant to 28 U.S.C. §§ 1331 and 1658 and supplemental jurisdiction is conferred by 28 U.S.C. §1367(1).

**2.     Nature of Claims and Counterclaims**

Plaintiff asserts claims under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. for Defendant's alleged discriminatory conduct towards her due to her disability. In addition, Plaintiff asserts a claim of retaliation for her complaints/reports of discrimination toward her due to her disability.

**3.     Names of any parties that have not been served**

None

4. **Relief Sought by Plaintiff**

   (a) Damages sufficient to compensate Plaintiff for her injuries;

   (b) Reinstatement or Front Pay;

   (c) Back Pay, inclusive of lost wages and any benefits;

   (d) Pre-judgment and post-judgment interest;

   (e) Reasonable attorney's fees;

   (f) Costs of this action;

   (g) Emotional Distress Damages;

   (h) Punitive damages; and,

   (i) Any and all other relief that this Honorable Court may deem just and equitable.

   Plaintiff has not yet calculated the amount of damages she claims.

   Defendant denies that the Complaint asserts any claims for damages.

5. **Principal Legal Issues**

   (a) Whether the Americans with Disabilities Act applies to Plaintiff's claims;

   (b) Whether the Defendant violated the Americans With Disabilities Act; and

   (c) Whether Defendant's conduct constitutes extreme and outrageous conduct.

6. **Principal Factual Issues**

   (a) Plaintiff's statement:

   (i) Whether Defendant discriminated against Plaintiff based on her disability;

   (ii) Whether Defendant failed to reasonably accommodate Plaintiff for her disability;

   (iii) Whether Defendant failed to engage in an interactive process with Plaintiff regarding Plaintiff's disability

   (iv) Whether Defendant retaliated against Plaintiff for complaining/reporting about alleged disability discrimination.

   (b) Defendant's statement:

   (i) Whether Plaintiff can prove that she was disabled, had a record of being disabled, or was perceived as disabled within the meaning of the ADA.

   (ii) Whether Plaintiff can prove that Defendant failed to engage in the interactive process or reasonably accommodated Plaintiff, in violation of the ADA.

   (iii) Whether Plaintiff can prove she was subjected to a hostile environment, in violation of the ADA.

   (iv) Whether Plaintiff can prove she was terminated in retaliation for requesting accommodation, in violation of the ADA.

   (v) Whether Defendant can articulate legitimate, non-discriminatory reasons for Plaintiff's layoff.

   (vi) Whether Plaintiff can prove that Defendant's proffered reasons for laying her off were a pretext for discrimination, in violation of the ADA.

   (vii) If Plaintiff proves that Defendant violated the ADA, whether Plaintiff can prove (a) she was damaged thereby, (b) that Defendant willfully violated the ADA so as to entitle her to punitive damages, and (c) whether Plaintiff mitigated her damages.

    7.    **Citations to Key Authorities**

        (a)    Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

B.    **Preparation of Draft Scheduling Order**

    1.    Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by June 6, 2008. All discovery to be commenced in time to be completed by December 12, 2008.

    2.    The parties expect they will need approximately 6 depositions.

    3.    Reports from retained experts under Rule 26(a)(2) due:
from Plaintiff by February 13, 2009
from Defendant by February 13, 2009

    4.    Parties should be allowed until November 14, 2008 to join additional parties and to amend the pleadings.

    5.    All potentially dispositive motions should be filed by March 13, 2009.

    6.    Final pretrial order:   Plaintiff to prepare proposed draft by May 30, 2009; parties to file joint final pretrial order by June 13, 2009.

    7.    The case should be ready for trial by August 18, 2009.

C.    **Trial Status**

    1.    A jury trial is demanded and expected by Plaintiff

    2.    **Probable Length of Trial**

        The parties cannot currently estimate the length of trial.

D.    **Consent to Proceed Before a Magistrate Judge**

    1.    The parties do not agree to proceed before the Magistrate Judge

E.    **Settlement Status**

    1.    The parties are schedule to attend a settlement conference on Wednesday, April 30, 2008, at 11:30 a.m. On April 25, 2008, Plaintiff tendered a demand letter to Defendant.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| DINA DINATALE | STOCK BUILDING SUPPLY, LLC |

/s/ Stephen W. Fung_____
One of her Attorneys
Robert M. Foote, Esq. (#03124325)
Stephen W. Fung, Esq. (#06289522)
Foote, Meyers, Mielke & Flowers, LLC
28 N. First Street
Suite 2
Geneva, Illinois 60134

Kathleen C. Chavez, Esq. (#06255735)
Chavez Law Firm, P.C.
28 N. First Street
Suite 2
Geneva, Illinois 60134

Peter L. Currie, Esq. (# 06281711)
The Law Firm of Peter L. Currie, P.C.
536 Wing Lane
St. Charles, Illinois 60174

*Attorneys for Plaintiff*

/s/ Joan M. Eagle_____
One of its Attorneys
*[signed electronically with express authorization of Joan M. Eagle]*
Joan M. Eagle
Schwartz Cooper Chartered
180 N. LaSalle Street
Suite 2700
Chicago, IL 60601

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 28, 2008 I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Joan M. Eagle, Esq.
Schwartz Cooper Chartered
180 N. LaSalle Street
Suite 2700
Chicago, IL 60601

                                      /s/Stephen W. Fung